# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

A. DE LOS GALLUP, AS ADMINISTRATOR, ETC., OF PHEBE GALLUP, DECEASED, RESPONDENT, *v.* JOHN MILLER, APPEL-LANT.

*Agreement to hold a decree for the foreclosure of a mortgage for a year — what damages are recoverable for a breach of it — what notice of sale must be given under a decree of foreclosure.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

After the entry of the judgment herein, Phebe Gallup died, and the plaintiff, as her administrator, was substituted as plaintiff.

The deceased, Phebe Gallup, was the widow of Chester Gallup, and as such was entitled to a dower interest in the real estate of which he died seized. She had executed a mortgage upon her interest in the real estate for the sum of $340, which had become due and payable. On or about the 27th day of May, 1877, and after the commencement of an action for the foreclosure of the mortgage, Mrs. Gallup and the defendant entered into an agreement, in and by the terms of which the defendant, in consideration of the sum of ten dollars to him paid by her, promised and agreed to procure an assignment of the mortgage, and that the case should be continued until the decree was entered; that he would carry the mortgage and decree, and forbear the collection thereof by sale of the premises for one year from and after the 27th day of May, 1877. Pursuant to such agreement the defendant did procure an assignment of the mortgage. The action was duly continued to the entry of a decree of foreclosure and sale. Subsequently the defendant violated his agreement by selling and assigning the mortgage and decree of fore-

closure to one Clementiny Crouch, who caused the premises to be sold under the decree before the expiration of the year, in consequence of which Phebe Gallup was deprived of her dower interest in the premises, and the benefits of her agreement with the defendant. The premises only sold for the amount of the decree.

The referee has found that the value of her dower interest, as computed according to the annuity tables, was the sum of $560.99 ; that the amount of the decree, with interest and taxes, amounted to the sum of $477.46, leaving a balance of eighty-three dollars and fifty-three cents, for which sum he gave judgment.

The court at General Term said : " It is now claimed that the referee adopted an improper measure of damages ; that the true measure of damages would be the use of her interest in the premises from the time that it was sold, and she deprived of the possession thereof up to the end of the year. I am, however, of the opinion that the referee adopted the proper rule of damages. It was by reason of the breach of contract that Mrs. Gallup lost her dower interest in the real estate. All losses and damages arising from breach of contract may be recovered, where they can be rendered reasonably certain by evidence, and have actually resulted from the breach, and are not speculative and uncertain.

The defendant when he made the agreement must have known that the purpose of Mrs. Gallup was to procure forbearance, so that she might raise the money and pay the judgment and so save her interest in the farm. She had the right to expect that the agreement would be kept and performed on his part, and therefore was not required to have the money on hand to pay the judgment until the expiration of the year. The claim was in judgment, and no further personal service of notice of sale upon her was required. Unless she should happen to see the published notice of sale the sale could be made without her knowledge. The sale being upon a decree and forclosure of the mortgage passes title absolutely and she has no further right to redeem. Her interest in the real estate is absolutely lost, and it appears to me that the difference between the value of her interest at the time and the amount of the decree with taxes affords the true measure of damages. I have been unable to find any case in which this precise question has been passed upon."

*George C. Greene*, for the appellant.

*A. Hamilton Webster* and *Benjamin J. Hunting*, for the respondent.

Opinion by HAIGHT, J.; SMITH, P. J., and HARDIN, J., concurred.

Judgment affirmed.